# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| KIRA YOUNG, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br>   v.<br><br>Chase Bank USA, N.A., JP Morgan Chase Bank, N.A. and JP Morgan Chase & Co.,<br><br>         Defendants. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Kira Young, on behalf of herself and all others similarly situated, sues Defendants, Chase Bank USA, N.A., J.P. Morgan Chase Bank, N.A. (referred to collectively as "Chase"), and alleges:

## INTRODUCTION

1.    Plaintiff asserts this action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated throughout the United States, for damages and other relief arising from Chase's routine practice of charging interest on credit card accounts on transactions that are fully paid by the billing period due date.

2.    Chase, like other major credit card companies, provides consumers an interest-free period, also called a grace period, to pay off new purchases; specifically, if new purchases are paid off in full by the payment deadline for the billing cycle in which they occur, there will be no interest assessed on such purchases. This grace period is promised to consumers in both their Chase Credit

Card Agreement and in the disclosures on the back of consumers' monthly statements. In reality, Chase routinely denies consumers the grace period on new purchases to which they are promised.

3.      In fact, without informing accountholders, Chase's true policy is only to provide a grace period on new purchases for accountholders who have paid off their balances in full for *two* prior months.  In other words, for all but a select group of accountholders who pay in full, Chase takes away the interest-free grace period on all purchases.

4.      Indeed, when a consumer has not paid off her statement balance in full, Chase charges interest on all new purchases from the moment they are made (with no grace period) simply because <u>other</u>, prior purchases were not paid off in full. No reasonable consumer would expect this to be so and nowhere is the counterintuitive practice disclosed by Chase.

5.      Plaintiff and other reasonable consumers understand the general rule that when making a purchase with a credit card, they will be hit with interest charges on purchase if they do not pay for those purchases, in full, by the next billing statement's due date.

6.      Chase's credit card contracts affirm these commonsense understandings, but Chase's actual practice does not. Chase customers who pay off

new purchases, in full, in a given month are often shocked to find that they are still charged interest on those same purchases.

7.    Chase affirmatively misrepresents and omits in its contracts with consumers that they may be forced to pay interest on new purchases that are paid in full by the statement payment deadline. Chase's contracts and disclosures state, and lead reasonable consumers like Plaintiff to believe, that consumers who pay off new purchases in full by the due date for the billing cycle will not be charged interest on such purchases.

8.    Plaintiff and members of the class were improperly charged interest on amounts that were fully paid by the statement due date, contrary to their reasonable expectations and the express terms of Chase's contract with consumers.

9.    This practice is not only a breach of contract, it is also unfair and deceptive.

10.    Plaintiff and other Chase customers have been injured by Chase's practices.  On behalf of themselves and the putative class, Plaintiff seeks damages and restitution for Chase's breach of contract. Additionally, Plaintiff seeks an injunction to prevent Chase from continuing to engage in its illegal practices.

## PARTIES

11.    Plaintiff, Kira Young, is a citizen and resident of Columbus, Ohio and has had a credit card with Chase at all times material hereto.

12.     Defendant Chase Bank USA, N.A. is a federal bank incorporated under the laws of the State of Delaware. Chase is the second largest credit card issuer in the United States and has approximately $131.23 billion in outstanding credit card loans to consumers.[1]

13.     Defendant JPMorgan Chase Bank, N.A. is a national association with its principal office located at 1111 Polaris Pkwy, Columbus, Ohio 43240.

14.     Both Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. are wholly owned subsidiaries of JPMorgan Chase & Co., a massive financial services company principally located in the City and State of New York.  JP Morgan Chase & Co. is incorporated in Delaware.  Its New York headquarters is located at 270 Park Avenue, New York, NY.

## JURISDICTION AND VENUE

15.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed class is a citizen of a different state than Chase.

---

[1] Robert Harrow, *Largest U.S. Credit Card Issuers: 2017 Market Share Report*, ValuePenguin (Jun. 27, 2017), https://www.valuepenguin.com/largest-credit-card-issuers.

16.     This Court has personal jurisdiction over the Defendants because Chase Bank USA, N.A. is based in and incorporated in this District.  Chase Bank USA, N.A. and the other Chase Defendants have consented to jurisdiction by registering to conduct business in the state; maintaining sufficient minimum contacts in Delaware; and otherwise intentionally availing themselves of the markets within Delaware through promotion, sale, marketing, and distribution of their financial products and services, which renders the exercise of jurisdiction by this Court proper and necessary as Chase is "at home" in Delaware.

17.     Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Chase Bank U.S.A., N.A. is incorporated in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## FACTUAL ALLEGATIONS

### A.     Chase's Contract Promises Consumers No Interest on Amounts that are Paid In Full by the Billing Cycle Due Date

18.     Consumers understand that when they use their credit card to make a purchase, interest will not be assessed on that new purchase if they pay it off in full by the payment deadline of the billing cycle in which the purchase occurs. Indeed, consumers are accustomed to—and indeed almost all major credit cards offer—a "grace period" for consumers to pay off new charges before they are assessed interest.

5

19.     Like other credit card issuers, Chase expressly promises consumers they will receive an interest-free grace period on all purchases, so long as those purchases are paid off before the end of the monthly grace period.

20.     Chase's Credit Card Agreement specifically promised Plaintiff and other class members an "Interest-Free Period (also called Grace Period) on Purchases," described as:

- **The interest-free period is the time when you are not charged interest on new purchases.**

- Your account is in an interest-free period when you pay your New Balance as shown on your statement every month by the due date and time. During this period, you will not pay interest on purchases.

  […]

- We do not charge interest on any part of the purchase balance that you pay while your account is in an interest-free period.

Ex. A (Plaintiff's Agreement), at 6 (emphasis added).

21.     Thus, pursuant to the Credit Card Agreement, Chase may not charge interest on purchase balances that the customer pays in full before the statement due date.

22.     Chase reiterates its promise not to charge interest during the grace period on the back of its monthly credit card statements. The disclosure on the back of the statements reads as follows:

> **How To Avoid Paying Interest On Purchases:**… **If you pay your account in full each billing period by the date and time due, no interest is charged on new purchases month to month**. Also, we will not impose interest charged on any portion of a purchase balance you repay while that balance is subject to an interest-free period…

Ex. B (Plaintiff's February Monthly Statement) **(emphasis added)**.

23.     Together, Chase's disclosures to consumers make clear that new purchases will not be charged interest if those new purchases are paid off by the billing cycle's due date.

24.     But Chase does not honor this promise to consumers. Instead, Chase provides no grace period on new purchases paid in full by the billing cycle's due date, simply because <u>other</u>, prior purchases were not paid off in full in the past. Chase fails to clearly disclose this practice in any of its customer agreements.

**B.     <u>Chase's Actual Practice</u>**

25.     If a consumer makes a $100 purchase on her Chase credit card, and she pays off that entire balance by the due date of her next statement, she will pay no interest on that purchase because of the grace period promised by Chase. Indeed, if she pays her statement balance in full every month, she will enjoy an interest-free grace period on all her purchases and never pay interest charges.

26.     But if, during one month, she does not pay her statement balance in full, she is in for an unpleasant surprise.

27.     Here's how Chase's undisclosed practice actually works.  Without notifying consumers, Chase eliminates the grace period *for all new purchases* if a consumer does not pay off her entire statement balance in a given month. If a consumer leaves even $1 on her account balance after a billing period due date, Chase eliminates the grace period for all subsequent new purchases—<u>even for new purchases fully paid off by the next billing cycle's due date</u>.

28.     In other words, with a Chase card, keeping a balance into the next billing cycle means there is no grace period on your new purchases during that cycle. Chase affirmatively represents *the opposite*— affirmatively represents that it will not charge interest on new transactions if a consumer pays their statement in full for the month by the due date, and that it will only charge interest on unpaid amounts.

**C.     <u>There is Significant Confusion Among Chase's Customers</u>**

29.     There is virtually no way for accountholders to uncover this reality, without advanced accounting skills.  That is because interest charges and calculations are performed behind the scenes, with very little indication of how the calculations are performed on the statements issued by Chase.

30.     Chase is well aware that consumers do not understand the complexity of its machinations, and cannot figure them out from card statements, and yet it still wrote confusing and ambiguous disclosures describing its grace period policy.

31.     This is true even though the Consumer Financial Protection Bureau

("CFPB") has warned that consumers are confused by practices just like the one

Chase uses:

> Regaining a grace period is another source of complexity
> as "trailing interest" comes into play. Trailing interest
> occurs when customers are assessed interest between the
> beginning of the billing cycle and the date on which they
> make payment in full. For consumers who pay their
> credit card balance in full each month, the grace period is
> a very simple concept to understand: they simply need to
> know when they must make payment to avoid an
> assessment of interest. **But for consumers who revolve
> their balance, it is uncertain whether they understand
> that** – unlike transactors -- they will be assessed interest
> on the unpaid balance from the beginning of the billing
> cycle **and on new purchases made in the billing cycle
> and future billing cycles from the moment of a
> purchase until the consumer qualifies for the grace
> period again**. And for consumers seeking to pay off their
> balance, it is unclear if they understand the potential for
> trailing interest. Disclosing these complexities in a clear
> manner is quite challenging.[2]

32.     Indeed, the CFPB has received numerous complaints from Chase

customers who had no idea they would not receive a grace period on new

purchases even if they pay off their balance in full by the due date, merely because

of a prior unpaid balance. The following excerpts from consumers' complaints to

---

[2] Consumer Financial Protection Bureau, "CARD Act Report: A review of the
impact of the CARD Act on the consumer credit card market," Oct. 1, 2013, p. 84
available at https://files.consumerfinance.gov/f/201309_cfpb_card-act-report.pdf .

the CFPB illustrate the yawning gap between Chase's policies and consumers'

understanding of Chase's policies:

> I had an approximately {$1800.00} balance on my account in XX/XX/XXXX, which I paid off in full before the due date. I thought that took care of the credit card. I happened to check back online to make sure the balance was paid off, and found they had charged me an additional {$30.00} interest after I paid off the balance. When I called, they said because I didn't call and ask them the balance, that was normal to charge interest on the balance during the month of XX/XX/XXXX that hadn't been billed, yet. **I have never had a credit card charge extra interest after a balance is paid.** I told them that made no sense, and they said it is the way they do business. I feel that is the same as charging interest on top of interest and should not be legal. I want my {$30.00} returned. I canceled the card, telling them I did not wish to do business with a company like that.
>
> …
>
> I piad off my balance in full on XX/XX/XXXX statement and i see a charge for interest fee that I don't understand. They give a reason of revolving balance for last month but make no sense to me on this statement. I understand on XX/XX/XXXX Statement I didn't pay in full and carry a small amount over to XX/XX/XXXX statement that dont explains why they charge this amount of interest fee from last month. Yes I used the card on the month but the charge balances and interest should be pay on next month not charge me early within the statement period.[3]

---

[3] Complaints were taken from the CFPB's Consumer Complaint Database, available at https://www.consumerfinance.gov/data-research/consumer-complaints/. The CFPB describes its database as follows: "Each week we send thousands of consumers' complaints about financial products and services to companies for response. Those complaints are published here after the company

…

My credit card contract stipulated that I would incur no interest charges if balances are paid in full by the statement due date. I mistakenly short paid my XX/XX/XXXX statement by {$120.00} and saw interest charges on my XX/XX/XXXX statement for {$33.00}. Knowing that it was my fault, I paid the interest charges and full open balance before the specified due date. My XX/XX/XXXX statement reflected additional interest charges of {$55.00}. When I called the credit card company to discuss the issue, I was given a very fragmented explanation about how the interest was calculated and that the XX/XX/XXXX statement was reflecting interest for XX/XX/XXXX purchases. In the end, I am paying {$88.00} in interest charges for short paying my XX/XX/XXXX statement by {$120.00}. The representative could provide no explanation as to why the interest charges were excessive. In addition, the representative refused to remove the charges or compromise. I understand that the interest is calculated daily and compounding occurs, but something is not right here.

…

I have a Chase XXXX card. Per the agreement, I should not be charged interest if I pay my balance in full before the due date. Even when I pay my balance in full before the due date, Chase still charges interest and refuses to explain why they have charged interest in violation of the agreement or provide the interest calculation. I manage credit cards for a large company and have never had these issues with other credit card companies. I will be closing the card as a result of these issues with Chase.

---

responds or after 15 days, whichever comes first. By adding their voice, consumers help improve the financial marketplace." Emphasis was added to the complaints above.

…

In XXXX of this year I accidentally failed to pay {$18.00} on a total credit card bill of {$5300.00}. (I pay my credit card bill in full every month so this was an a one-time oversight. ) On XXXX XXXX , 2017 Chase charged me {$22.00} in interest for the {$18.00} underpayment. I complained to the company, Chase, but they refused to reverse the charge. To be charged this amount of interest on such a small unpaid balance is usurious, even if the rules allow them to do what they did. I went ahead and paid the full amount due of {$3300.00}, which included the {$22.00} in interest. I assumed that this payment in full would prevent future interest charges. Much to my surprise, on my XXXX XXXX , 2017 statement they charged me another {$31.00} in interest. Again this charged stemmed from a slight-of-hand where they are allowed to charge interest on the average collected balance in months following the underpayment. I complained today and was told that they would credit back the {$31.00} in interest. I would like the remaining {$18.00} refunded and more importantly I would like there to be a regulation promulgated to ban this type of usurious behavior.

…

On XX/XX/XXXX I paid my Chase credit card bull in full. On XX/XX/XXXX an interest charge of {$52.00} was added to my XXXX balance account. I 've contacted Chase and they claim it is an interest charge on the balance due. My card was paid in full and I had a XXXX balance.

…

We have been holders of the Amazon credit card (Chase) for many years. Over the past 10 years or so, we have paid every monthly balance in full AND on time, and have accrued no interest. On the XXXX statement, the balance due was {$1800.00}, and I inadvertently paid

only {$1600.00}, leaving a balance of {$170.00}. On the XXXX statement, we were charged {$21.00} interest for the shortage. By my reckoning, that amounted to about 145 % annual interest for the shortage. We then paid everything that was due, plus the interest, plus a few dollars just to be certain and ON TIME! On the XXXX statement, Chase charged us {$38.00} for a fully paid balance! Their answer to me was that since we were short the previous month, they had a right to charge interest whether it was due or not. I requested the interest be waived, and they said it simply ca n't be done. Is n't this usury?

…

My account statement for a Chase Credit Card was due on XXXX XXXX in the amount of {$1700.00}. I processed the payment in full on XXXX XXXX XXXX day prior to the due date in the amount of {$1700.00}. The back of the statement states and I quote " If you pay your account in FULL each billing period by the due date and time due, NO INTEREST is charged on new purchases month to month ". I call this evening and question why when I paid my account balance in full per my last statement was I charged {$25.00} interest. I was told that is the interest due from the XXXX of the month until such time I paid my balance on the XXXX. That is contradictory to the information listed on the back of their statement. He then proceeds to tell me that if I pay the new balance in full with the interest charge by the due date I will not be charged any further interest. That is exactly what I did last month but yet am charged interest. I am forwarding this information to legal counsel as well as it appears there is "double dipping " occurring and they feel the consumer won't question this. If a statement balance is paid in full by the due date it is paid in full. At this rate you would never pay the card off as they would continue to generate interest monthly unless you overpaid.

…

We paid off our monthly balance on our Southwest miles card from Chase and were still charged interest on the next month 's bill. I was informed this is because of a residual interest. Where if you carry a balance one month, you have to pay off at least two months in a row to not have interest. The part that bothers me is that the statement says How to Avoid Interest "If you pay your account in full each billing period by the date and time due, no interest is charged on new purchases month to month." I found this very misleading. The Chase person said, yes, of course, it says "each" which means "all" or at a minimum two months in a row. This seemed crazy to me. So I think Chase should be required to say. How to avoid interest? Never carry a balance. If you do carry a balance for even one month, it will take you at least two months of fully paying off your bill before Chase will stop charging you interest.

…

I have a Chase credit card, and have it for 8+ years. I always pay my statement balance in full, and therefore am never charged interest. However, this past month, I did not pay my full statement balance. This left a difference of {$140.00} subject to interest charges. However, on the following month 's bill, my statement said {$820.00} was subject to interest charging. I called Chase to get an explanation. They could not provide an explanation, but credited my account for the full amount of interest I was charged. This makes me worry that Chase -- a large financial institution with a history of deception practices -- may be overcharging consumers. I consider my knowledge of finances to be above-average. But I fear that the typical consumer would not raise any issue, and then be overcharged for interest they should not be paying. I would appreciate someone investigating this potential abusive practice.

…

This is an issue with Chase credit cards regarding payment in full and continued interest charges. My XXXX statement ( XXXX/XXXX/16 ) with a due date of XXXX/XXXX/16 showed the balance due to be {$6700.00} I sent a check in the amount of {$6700.00} to pay off my bill. My XXXX statement arrived showing a posted payment of {$6700.00} on XXXX/XXXX/16 and a New Balance of {$44.00} due on XXXX/XXXX/16. This charge posted to my account on XXXX/XXXX/16. When I called Customer Service to inquire about the charge I was told ( not very politely ) that I am charged a " very valid interest charge ". When I asked for a Manager, I was sent to XXXX XXXX in central Florida who again told me she can not waive the fee because it was a valid charge. Frankly, I was spoken to as if I never paid my bills and I was not worthy of any good faith. I am confused about the policy and unhappy with the treatment of card holders and wonder why such a big bank is willing to lose loyal card holders over such a small discrepancy. I am also confused as to why the reps and managers I spoke with gave me a very different answer regarding interest than the question and answer i found on the Chase web site when I searched for an explanation of interest charges. This is what I found : Question : How can I avoid paying interest? Answer : You wo n't pay interest charges on credit card purchases if you pay your New Balance every month by the due date end time. This is called the interest-free period on purchases. Balance transfers, checks, cash advances, and overdraft advances do n't have an interest-free period. On these transactions you pay interest on the balance until they are fully paid. I am hoping you will review my complaint and waive the questionable " valid finance charges " of {$44.00} Thank you for your time. Sincerely,

…

I paid off my Chase Freedom credit card in full AND I still got charged interest! They said it was because I

needed to pay off my credit card in full two months in a row, to not accrue interest. That 's the first time I 've ever been told that!!!

…

I missed one month of paying the card balance in full ( XXXX XXXX ) - I paid the following month ( XXXX XXXX ) in full, which included interest for the unpaid balance in XXXX , but they still charged me interest on the XXXX XXXX bill based upon the unpaid balance from the XXXX bill - even though there was no outstanding balance from the XX/XX/XXXX bill.

…

I do n't know if I misunderstand something here, but it I just discovered that the Chase Credit Card Ink is charging me interest for purchases just recently, in the last few days conducted. Here 's what happened : ( My Ink card billing cycle is mid-month to mid-month ) In early XXXX I made a purchase for {$1600.00}. On XXXX the statement came ( Closing date is XXXX, payment due date XXXX ). I paid $ XXXX.- dollars on XXXX before the due date leaving a balance of {$810.00} unpaid. It is my understanding as well as that all other credit cards do such, that the interest charged will be on the residual due balance from the XXXX cycle. In XXXX as recent as XXXX, one day before the closing date of the XXXX statement cycle I made some business related purchases of around $ XXXX.- in the time frame of XXXX to XXXX. When I got the XXXX statement around XXXX XXXX I see on it an interest charge of {$110.00}. That ca n't be I thought, {$110.00} in interest charges for a residual balance of {$810.00}!? That would amount at an annual 29.99 % charged applied p. Month to an annual interest of {$1300.00}!!! That would amount to 359.88 % in interest!!! Looking in the back of the statement on the last page it says under -31 days billing-. " Balance subject to interest rate {$4500.00} " .... Wait a minute! What calculation is that? I just got the statement and it

will be due by XXXX! I called Chase Credit Card Ink customer support and like them I recorded the conversation. Rather unfriendly, curt and dismissive I was told by a supervisor that if every month the balance is not paid in full interest applies immediately to the current running balance AND INCLUDING ALL NEW PURCHASES. WHAT? I never heard of such a thing. I asked several people and all unanimously said that ca n't be, that 's why there is a " grace " period, and in my case the stated 31 day billing cycle. Further attempts to clarify this with Chase yielded nothing except ignorant. arrogant and irrelevant answers.

…

Hello, I paid off everything on my credit card bill. Even though I did so, they charged me the usual interest fee I owed, when in debt. On my new bill, they still want to charge me interest. Even though I do not owe them anything except for my few new charges. I have contacted them about this via secure message through their website. It seems that I can not contact them anymore. I also asked to cancel my card. No response. I need help. Thank you

…

I paid my Chase Amazon credit card in total on XXXX XXXX and they charged me interest XXXX. I called and asked for them to drop the interest charge since the credit card bill was paid in full and I have XXXX credit cards with Chase. They refused - how are customers supposed to feel they are financial paid off if the credit card companies continue to bill them interest. I have not used that card since I paid if off

…

I have a XXXX Rewards credit card with Chase. I use it for all my purchases and have always paid it off 100 percent every month. A typical month is about

{$2500.00}. Two months ago, my bill was higher because of a XXXX. I paid about {$3600.00} of a {$3900.00} bill. The next month I was billed {$20.00} in interest for the {$340.00} I did n't pay. I was expecting an interest bill of {$3.00} or {$4.00}. ( Interest is 15 percent. ) They told me I was billed interest on my average daily balance, which they said was about {$1600.00}. I didn't like it and thought it was unfair, but I paid it. I paid the next month 's bill in full, including the {$340.00}. When I received my bill for this month, I was charged {$31.00} in interest even though I had paid the entire bill in full! I was furious for an entire Saturday afternoon and honestly felt like I had been the victim of fraud. I still feel that way. I called Chase and the woman agreed to take off the {$31.00} in interest after a prolonged conversation because she said I had been a good customer. She said the {$31.00} in interest carried over from the {$340.00} balance that I had already paid. So basically, I was charged {$52.00} of interest for {$340.00} I did not pay for one month. This is just usury and unfair credit card practices. I hope you will look into it. Thank you.

33.     In recognition that eliminating the grace period on new purchases

based on a *prior* unpaid balance is a counterintuitive concept for most consumers,

*other* credit card issuers carefully word their agreements with consumers so as to

clearly disclose the process. For example, Citibank explicitly says:

> To get a grace period on purchases, you must pay the New Balance by the payment due date every billing cycle. **If you do not, you will not get a grace period until you pay the New Balance for two billing cycles in a row**.

(emphasis added).

34.     Additionally, Bank of America explicitly states:

> **PAYING INTEREST** – We will not charge interest on
> Purchases on the next statement if you pay the New
> Balance Total in full by the Payment Due Date, **and you
> had paid in full by the previous Payment Due Date**.

(emphasis added).

35.     In other words, Citibank and Bank of America choose to tell their

customers in plain English how the grace period works for new purchases. Chase,

on the other hand, obscures the grace period mechanism for new purchases behind,

at best, confusing disclosures that nowhere clearly state that consumers lose the

grace period on all future transactions merely because of a prior unpaid balance.

36.     In sum, Chase is not authorized by contract to charge interest on

amounts that are paid in full by the statement due date, but it has done so and

continues to do so.

**D.     Plaintiff was Unlawfully Charged Interest on New Purchases
         That Were Paid in Full During the Billing Cycle They Were Made**

37.     About 13 years ago, Plaintiff opened a credit card account with Chase.

This was her first credit card.

38.     Ms. Young's credit card agreement specifically promised an interest-

free grace period on all new purchases paid in full by the billing cycle's due date.

*See* Exhibit A.

39.     The monthly credit card statements that Ms. Young received

reaffirmed Chase's equipment to not charge interest during the grace period on

new purchases.  *See* Exhibit B (redacted copy of Ms. Young's statements from December 2018-March 2019).

40.    On January 7, 2019, Plaintiff made a new purchase on her Chase credit card in the amount of $56.67.  Her credit card billing cycle ended on January 22, 2019, and Chase issued a bank statement specifying the due date for payments as February 19, 2019.

41.    Plaintiff paid her entire statement balance, which included the new purchases and a prior balance, by making two payments posted on February 10 and February 13, 2019, before the payment's due date.

42.    However, without Young's knowledge, Chase had not given her a grace period on her new purchases, even though she paid them in full by the billing cycle's due date, and in fact charged interest on those purchases.  Chase has never reimbursed her for the improperly-charged interest.

## **CLASS ALLEGATIONS**

43.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.  The proposed Nationwide Class is defined as:

> All Chase credit card account holders who were charged interest on new purchases that were paid in full before the due date of the billing cycle in which they were made.

44.     Excluded from the Class are Chase, its subsidiaries and affiliates, its officers, directors and member of their immediate families and any entity in which Defendants have a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

45.     Plaintiff reserves the right to modify or amend the definitions of the proposed Class if necessary, before this Court determines whether certification is appropriate.

46.     This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

47.     *Numerosity under Fed. R. Civ. P. 23(a)(1)*.  The members of the Class are so numerous that separate joinder of each member is impracticable.  Upon information and belief, and subject to class discovery, the Class consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Chase's records.  Chase has the administrative capability through its computer systems and other records to identify all members of the Class and the amount of interest paid by each Class member, and such specific information is not otherwise available to Plaintiff.

48.    *Commonality under Fed. R. Civ. P. 23(a)(2)*. There are numerous questions of law  and fact common to the Class relating to Chase's business practices challenged herein, and those common questions predominate over any questions affecting only individual Class members.  The common questions include, but are not limited to:

a)    Whether Chase improperly charged interest on new purchases that were paid in full before the due date;

b)    Whether Chase improperly charged interest before it was contractually authorized to do so;

c)    Whether Chase abused its contractual discretion to charge interest on amounts that were paid in full before the due date;

d)    Whether Chase developed and engaged in unlawful practices that mischaracterized or concealed its true practices as they pertain to charging interest on amounts that were paid in full before the due date; and

e)    Whether Plaintiff and other members of the Class have sustained damages as a result of Chase's assessment and collection of interest charges on transactions from the day they were made and the proper measure of damages.

49.     *Typicality under Fed. R. Civ. P. 23(a)(3)*.  Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice by Chase, as described herein.

50.     *Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)*.  Plaintiff is an adequate representative of the Class in that she has a Chase credit card and has suffered damages as a result of Chase's assessment and collection of improper interest charges.  In addition:

a)      Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

b)      There is no hostility of interest between Plaintiff and the unnamed Class members;

c)      Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d)      Plaintiff's legal counsel have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

51. _Predominance under Fed. R. Civ. P. 23(b)(3)_. The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues.  As such, the "commonality" allegations are restated and incorporated herein by reference.

52. _Superiority under Fed. R. Civ. P. 23(b)(3)._  A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy.  Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of Chase are enormous, no Class member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, the Class members will continue to suffer losses and Chase's misconduct will proceed without remedy.  In addition, even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

53.     All conditions precedent to bringing this action have been satisfied

and/or waived.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**
**(On Behalf of the Class)**

54.     Plaintiff incorporates the preceding allegations by reference as if fully

set forth herein.

55.     Plaintiff and the Class formed a contract with Chase. The terms of that

contract include the promises and affirmations of fact made by Chase in the Credit

Card Agreement as described above.

56.     Specifically, Chase customers were promised a grace period on new

purchases when they paid their purchase balances in full before the due date.

57.     Chase breached the express terms of the account documents by

charging interest to Plaintiff and the Class on new purchases that were paid in full

before the due date.

58.     No contract provision authorizes Chase to charge interest on new

purchases that are paid in full before the due date.

59.     Therefore, Chase breached the terms of its account documents by

charging Plaintiff and class members interest on amounts that were paid in full

before their due date.

60.     Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

61.     Plaintiff and members of the Class have sustained damages as a result of Chase's breach of the contract.

## SECOND CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)
### (On Behalf of the Class)

62.     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

63.     Plaintiff and the Class formed a contract with Chase. The terms of that contract include the promises and affirmations of fact made by Chase in the Credit Card Agreement as described above.

64.     Under Delaware law, good faith is an element of every contract pertaining to the assessment of interest charges.  Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.  Evading the spirit of the bargain and abusing the

power to specify terms constitute examples of bad faith in the performance of contracts.

65.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified.  Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

66.     Chase has breached the covenant of good faith and fair dealing in the contract through its policies and practices as alleged herein.

67.     Specifically, Chase harms consumers by abusing its contractual discretion to assess interest charges and to interpret certain contract provisions in a way in which no reasonable consumer would anticipate.

68.     Chase uses its contractual discretion to cause consumers to pay interest on amounts that were paid in full by the due date.

69.     Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the account documents.

70.     Plaintiff and members of the Class have sustained damages as a result of Chase's breach of the covenant of good faith and fair dealing.

## **THIRD CLAIM FOR RELIEF**

**(Violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, §§ 2511 through 2584)**
**(On Behalf of the Class)**

71.     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

72.     This cause of action is brought on behalf of Ms. Young and the Class pursuant to Del. Code Ann. tit. 6, § 2525.  Delaware's Consumer Fraud Act protects consumers "unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly within this State." Del. Code Ann. tit. 6, § 2512.  Pursuant to § 2513,

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

73.     Del. Code Ann. tit. 6, § 2525 permits any consumer injured by a violation of § 2513 to bring a civil action, including a class action, for damages and injunctive relief.

74.     Plaintiff Young is informed and believes, and based on such information and belief, alleges that Chase committed unfair and deceptive business acts and/or practices in violation of Del. Code Ann. tit. 6, § 2513.

75.     Chase has, at all material times, provided Plaintiff and the Class a grace period to pay their credit card balances. This grace period was promised to Plaintiff and the Class in both their Chase Credit Card Agreement and in the disclosures on the back of their monthly statements. But unlike other major credit card companies, Chase fails to tell consumers they can lose their grace period on all future transactions by failing to pay off their balance in full in a prior month. As a result, and contrary to Chase's representations, Ms. Young and the Class were charged interest on new purchases that were paid in full by the due date.

76.     These acts and practices are unfair and deceptive in material respects, offend public policy, are immoral, unethical, oppressive and unscrupulous.

77.     As a direct and proximate result of Chase's unfair and deceptive acts and practices, Ms. Young and the Class have suffered injury by incurring interest charges for credit card balances that were paid in full by their due date.

78.     Ms. Young and the Class would not have incurred these interest charges if Chase's acts and practices with regard to charging interest on its customers' credit card balances were not unfair and deceptive.

79.     Based on the foregoing, Ms. Young and the Class are entitled to all remedies available pursuant to §§ 2522 and 2523, including, but not limited to, compensatory relief and injunctive relief.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and the members of the Class demand a jury trial on all claims so triable and judgment against Chase as follows:

A.     An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

B.     Declaring that Chase's policies and practices to be wrongful, unfair, and unconscionable;

C.     Ordering an injunction for Chase to immediately cease the wrongful conduct set forth above and to be enjoined from conducting business via the unlawful and unfair business acts and practices complained of herein;

D.     Restitution of all interest charges paid to Chase by Plaintiff and the Class as a result of the wrongs alleged herein in an amount to be determined at trial;

E.     Actual and punitive damages in an amount to be determined at trial;

F.     Pre-judgment interest at the maximum rate permitted by applicable law;

G.     Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

H.     Granting such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and all others similarly situated hereby demand trial by jury on all
issues in this complaint that are so triable as a matter of right.


Dated:  June 3, 2019                 ROSENTHAL, MONHAIT & GODDESS, P.A.
                                     */s/ P. Bradford deLeeuw*
                                     P. Bradford deLeeuw (No. 3569)
                                     919 N. Market Street, Suite 1401
                                     Wilmington, DE 19801
                                     (302) 656-4433
                                     bdeleeuw@rmgglaw.com
OF COUNSEL:

Nicholas A. Migliaccio, Esq.
Jason S. Rathod, Esq.
Migliaccio & Rathod LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: (202) 470-3520

Jeffrey Kaliel, Esq.
Sophia Gold, Esq.
KALIEL PLLC
1875 Connecticut Avenue, NW, 10th Floor
Washington, DC 2009
Tel: (202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com